IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEKO WORLDWIDE, LLC,<br>a Delaware limited liability<br>company,<br><br>      Plaintiff,<br><br>    v.<br><br>FOUR SOFT LIMITED, an Indian<br>corporation,<br><br>      Defendant. | No. 06 C 5641 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Seko Worldwide LLC ("Seko"), a Delaware limited liability company, has moved to enforce an alleged settlement agreement with defendant Four Soft Limited ("Four Soft"), a corporation organized under the laws of India. For the following reasons, the motion is granted.

I.

The following facts are undisputed. Seko filed its complaint against Four Soft on October 17, 2006 alleging a breach of contract claim based on specific agreements among the parties. At the time a lawsuit filed by Four Soft against Seko was pending in an Indian court. On April 6, 2007, William Wascher, President and CEO of Seko, sent an email to Srikanth Palam Reddy ("Srikanth") of Four Soft stating:

> At any rate, as an additional sign of good faith and willingness to find a quick solution to this debacle, we will offer you $75,000.00 USD to settle and we will

> prepare the settlement and release agreement. This offer is only valid if accepted by 5pm CST on Friday, 6 April 2007.
>
> I hope that you will find these terms acceptable and provide you with the means to justify resolving this issue and moving on.

To which Srikanth responded

> In any case, to enable both our organizations to focus on our core activities and move on, we will accept your offer of USD 75 K as full and final settlement. Please go ahead and send the settlement agreement.

This email exchange is the basis of plaintiff's present motion.

The parties later exchanged written drafts of the settlement agreement. In its revisions, Four Soft included a forum selection clause providing India as the selected forum. Four Soft also included a clause providing that the parties "agree to pay for all banking charges to this transaction and shall observe the exchange fluctuations from 6 April, 2006 and pay for equivalent amount of agreed USD $75,000.00 accordingly as on the date of depositing of Settlement Amount in Four Soft's bank account." Upon review, Seko objected to the latter revision.

II.

The enforcement and construction of settlement agreements is governed by contract law. *Wilson v. Wilson*, 46 F.3d 660, 666 (7th Cir. 1995). Under Illinois law, an agreement is binding and enforceable where there has been an offer, an acceptance, and a meeting of the minds as to all material terms. *Id.* (citations omitted); *see also Pritchett v. Asbestos Claims Mgmt. Corp.*, 332

Ill.App.3d 890, 896, 773 N.E.2d 1277, 1282 (Ill. App. Ct. 2002) (citations omitted). Whether there was a "meeting of the minds" is not determined by the parties' subjective intent, but their writings. *Abbott Labs. v. Alpha Therapeutic* Corp., 164 F.3d 385, 387 (7th Cir. 1999); *Laserage Tech. Corp. v. Laserage Labs. Inc.*, 972 F.2d 799, 802 (7th Cir. 1992). The agreement must also be sufficiently definite with respect to its material terms. "A contract 'is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof to ascertain what the parties have agreed to do.'" *Pritchett*, 332 Ill.App.3d at 896, 773 N.E.2d at 1282 (quoting *Acad. Chicago Publishers v. Cheever*, 144 Ill.2d 24, 29, 578 N.E.2d 981, 983 (Ill. 1991)) (alterations omitted).

In this case, the emails between the parties plainly contain an offer and an acceptance. Four Soft disputes there has been no meeting of the minds with respect to the 75,000 dollar amount because it calculated the amount in Indian Rupees (and the exchange rate has since fluctuated to Four Soft's detriment). This is not evident from the parties' written communications, however, which form the basis of the settlement agreement. In fact, both Wascher and Srikanth specifically used United States dollars - "USD" - in reference to the amount offered and accepted. The offer specifies

it was only good until the close of the business day CST, during which Four Soft accepted. The writings exhibit a meeting of the minds with respect to the amount of the settlement.

Four Soft also argues that the parties agreed that the settlement was not enforceable absent a written and signed copy of the agreement. "[I]nformal writings between parties can constitute a binding settlement agreement unless the parties decide to expressly condition their deal on the signing of a formal document." *Abbott Labs.*, 164 F.3d at 388-89 (citing *Empro Mfg. Co., Inc. v. Ball-Co Mfg., Inc.*, 870 F.2d 423, 425 (7th Cir. 1989)); *see also Foster v. Nat'l City Bank*, No. 05 C 6992, 2007 WL 1655250, at *3 (N.D. Ill. June 6, 2007) (Cole, J.). The record here does not support Four Soft's position, for neither party expressly conditioned the April 6, 2007 agreement on the signing of any document. The fact that the subsequent written agreements provided the *written* agreements would not be valid absent signing, does not mean that the April 6 agreement was conditioned on the signing as well.

Finally, Four Soft objects to this court's jurisdiction to enforce the settlement on the grounds that (1) I have previously indicated I am inclined to rule that India is the appropriate forum for resolution of the underlying breach of contract dispute, and (2) that the revised, unsigned written settlement agreement also includes a forum selection clause selecting India as the forum to

4

resolve disputes arising from the agreement. Neither of these arguments are persuasive. First, as set forth in the June 19, 2007 Minute Order, the parties had agreed to stay any decision on the motion to dismiss or stay based on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), in light of reaching a settlement. Accordingly, this case is pending before me and I have inherent power to enforce the settlement. *See, e.g.*, *Wilson*, 46 F.3d at 664. Second, the agreement that plaintiff seeks to enforce, based on the email communications among the parties, does not reference a forum selection clause. Nor do such communications indicate that such a clause was considered a material term. The agreement reached through email on April 6 is enforceable as such. *See Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 374 (7th Cir. 1992) ("The Illinois courts have not been shy about enforcing promises made in the context of ongoing negotiations and often involving preliminary or 'incomplete' agreements."); *see also Foster*, 2007 WL 1655250, at *3 (collecting cases). The subsequent inclusion of the Indian forum selection clause in this case, in the unsigned written agreement, does not deprive this court of jurisdiction for purposes of enforcing the April 6 agreement.

III.

For the foregoing reasons, plaintiff's motion to enforce the settlement is granted. Four Soft shall promptly pay Seko $75,000.00 in United States dollars, following which this case will be dismissed with prejudice.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 24, 2007